## PEOPLE v. HULETT.

*(Supreme Court, General Term, Third Department.　July 11, 1891.)*

1. DISORDERLY HOUSE—SUFFICIENCY OF COMPLAINT.

    A complaint which charged that defendant kept a house or place for persons to visit for obscene and indecent purposes, which had been for the last year a disorderly house and a public resort, by which the peace, comfort, and decency of the neighborhood had been habitually disturbed, that frequent quarrels occurred, and men and women of bad repute frequently visit there, sufficiently charges an offense, under Pen. Code N. Y. § 322, which provides that "a person who keeps a house of ill fame or assignation of any description, * * * or for any lewd, obscene, or indecent purpose, or disorderly house, or any place of public resort by which the peace, comfort, or decency of the neighborhood is habitually disturbed, * * * is guilty of a misdemeanor."

2. SAME—JURISDICTION OF RECORDER.

    The recorder of the city of Gloversville has jurisdiction of the offense charged in such complaint, under Laws N. Y. 1890, c. 55, tit. 9, § 2, which provides that the recorder shall have power in such city "to issue all criminal processes, and to receive and hear all informations and complaints," and "to hear, try, and determine, in the first instance, all charges of misdemeanor."

3. SAME—EVIDENCE—GENERAL REPUTATION OF VISITANTS.

    In a prosecution for keeping a disorderly house and a house of ill fame, it is proper to show the general reputation of the women frequenting the house in order to show its character.

Appeal from court of sessions, Fulton county.

Prosecution of William H. M. Hulett for keeping a disorderly house. From a judgment of the court of sessions affirming a judgment of the recorder's court of Gloversville, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Clark L. Jordan,* for appellant.　*William Green,* Dist. Atty., (*Edgar A. Spencer,* of counsel,) for the People.

MAYHAM, J.　The complaint on which the warrant was issued was made under section 322 of the Penal Code, which, among other things, provides that "a person who keeps a house of ill fame or assignation of any description, * * * or for any lewd, obscene, or indecent purpose, or disorderly house, * * * or any place of public resort, by which the peace, comfort, or decency of the neighborhood is habitually disturbed, * * * is guilty of a misdemeanor." We think the complaint on which the warrant in this case was issued clearly sufficient under this section. The complaint is in writing and on oath, and charges "that, at the time and place aforesaid, the said William Hulett has kept a house or place for persons to visit for obscene and indecent purposes; that said place is and has been for the year last past a disorderly house, and a public resort, by which the peace and comfort and decency of the neighborhood has been and is habitually disturbed; that frequent quarrels occur in said house, and men and women of bad repute frequently visit there; that said quarrels and visits are at all times of day and night." This complaint alleges that the complainant's information is derived from personal observation and inspection as a police officer of the city, and the charges are sustained by the affidavits of several persons accompanying the complaint. Nor do we think that the contention of the appellant, that the recorder had no jurisdiction to hear the case, sound. The offense charged is a misdemeanor. Pen. Code, § 322. By section 2, tit. 9, c. 55, Laws 1890, the recorder of the city of Gloversville, within the city, is invested with the following power and jurisdiction: "He shall have jurisdiction, power, and authority in said city, to the exclusion of all magistrates, except officers of a court of record, to issue all criminal proceedings; to receive and hear all informations and complaints, and make examinations in criminal cases; to hold courts of special sessions, with all the powers and jurisdiction of such courts; to hear, try, and determine, in the first instance, all charges of misdemeanor;

subject, however, to the power of removal provided for in sections 57 and 58 of the Code of Criminal Procedure." By section 26, art. 6, of the state constitution, it is provided that "courts of special sessions shall have jurisdiction of offenses of the grade of misdemeanors, as may be prescribed by law." As the recorder is given exclusive jurisdiction of the crime of misdemeanor in the first instance, within the city of Gloversville, it must follow that within the above constitutional provisions he had jurisdiction of the offense charged in this complaint.

The next objection made by the learned counsel for the appellant is that the testimony offered on the trial did not authorize or sustain the verdict and judgment. We have examined the evidence, and cannot agree with the learned counsel in that contention. While this court, on appeal, should set aside a conviction when there is an entire want of evidence to sustain it, we do not think that this is such a case. We think that the jury, from the evidence, could fairly and justly reach a conclusion of the guilt of the defendant, and that the court, from the evidence, cannot, on appeal, fairly say that the verdict was the result of passion or prejudice. The appellant insists that it was error to allow the prosecution to prove on the trial the character of the women who frequented the defendant's house by general reputation. The question objected to was: "What is the general reputation of the women who frequented that place?" This question was objected to by the defendant on the ground that "general reputation is not the proper way of proving that the men and women who visited the place come under the persons named in section 322 of the Penal Code." This objection was overruled, and the witness answered: "They are disreputable characters." If this had been an attempt to prove the character of the house by general reputation, we think it would have been inadmissible upon principle, and within the decision of *People* v. *Mauch*, 24 How. Pr. 276, and the cases there cited. But it was not. The character of the house was sought to be proved by the frequent quarrels, noise, profanity, and lewd conversation that occurred there, by night and day, and, as evidence bearing upon the character of the house, the character of the women who frequented it was proved by reputation. This we think was admissible and proper. In *People* v. *Mauch, supra,* 279, the court says: "In Whart. Crim. Law, § 661, it is said evidence of general reputation as to a gambling-house or disorderly house is not admissible; and at section 3290 it is said that proof of the character of the women who frequent such a house, and the character and conduct of the men, and the effect upon the neighborhood, is admissible." The rule that character of persons may and must be proved by general reputation is too well settled to require citation of authorities. We think it was competent to prove the character of the persons who were in the habit of visiting this house, by reputation, and that their characters were proper evidence to be considered by the jury in determining the character of this house. *U. S.* v. *Stevens,* 4 Cranch, C. C., 341; *U. S.* v. *Jourdine,* Id. 338; 2 Whart. Crim. Law, § 1452.

The remaining question raised by the appellant on this appeal was: "Had the recorder jurisdiction to try the defendant with a jury of six persons?" The manner of procuring a jury in the court of special sessions for the trial of offenses triable before such courts is plainly prescribed in title 1, pt. 5, Code Crim. Proc. Section 703 of that title prescribes how a jury shall be procured, and that 12 jurors shall be summoned. Section 705 provides that the names returned shall be written on strips of paper, and placed in a box. Section 706 provides that the court must draw out 6 of the ballots, or more, if any are set aside on challenge. Section 708 provides for summoning talesmen. Section 709 provides for issuing in certain cases a new order or *venire;* and section 710 provides that, "when six jurors appear and are accepted, they constitute a jury." These provisions of the statute seem effectually to dispose of the last objection. The judgment and conviction of the court of special sessions and that of the court of sessions are both affirmed. All concur.