PEOPLE v. FEDERAL BANK OF NEW YORK. In re BANKERS' SURETY CO. (Supreme Court, Appellate Division, First Department. December 7, 1906.) Proceedings by the people of the state of New York against the Federal Bank of New York and in the matter of the Bankers' Surety Company. G. W. Glaze and F. C. Bostwick, for the People. H. White, for Bankers' Surety Co. No opinion. Orders affirmed, with $10 costs and disbursements. Orders filed.

PEOPLE, Respondent, v. GELULA, Appellant. (Supreme Court, Appellate Division, First Department. December 7, 1906.) Appeal from Court of General Sessions, New York County. Abe Gelula was convicted of forgery in the second degree, and appeals. Affirmed. Leonard A. Snitkin, for appellant. Alexander A. Mayper, for respondent.

HOUGHTON, J. The defendant was indicted for forging and uttering a check of his former employer, Louis Segall, upon which he obtained the sum of $100. The indictment contained two counts, one for forging such check and one for uttering it. On the trial the first count for forging the check was abandoned, and the defendant was convicted under the second count of forgery in the second degree for uttering it. No exceptions to the admission or exclusion of evidence or to the charge ·of the court are presented. The defendant insists, however, that the court erred in refusing to advise the jury to acquit, and in refusing to grant a new trial, on the ground that the evidence was insufficient to sustain the conviction. We have carefully examined the evidence, and we think it fully justifies the verdict of the jury. The defendant was positively

101 N.Y.S.—72

identified by the teller of the bank as the man who obtained the money upon the check, and its forgery was a fair question for the jury. The judgment of conviction should be affirmed. All concur.

PEOPLE, Respondent, v. HART, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 17, 1906.) Proceedings by the people of the state of New York against Philip J. Hart. No opinion. Judgment of conviction affirmed. Held, that the verdict is not against the weight of the evidence; also, that the court did not err in admitting evidence as to the reputation of the defendant's hotel from the speech of people. Pen. Code, § 718, subd. 16.

PEOPLE, Respondent, v. LUDLAM, Appellant (two cases). (Supreme Court, Appellate Division, Fourth Department. December 5, 1906.) Proceedings by the people of the state of New York against Jem J. Ludlam, Jr. No opinion. Judgment of conviction reversed.

PEOPLE, Respondent, v. MANNASOVITCH, Appellant. (Supreme Court, Appellate Division, First Department. October 19, 1906.) Proceedings by the people of the state of New York against Jacob Mannasovitch. C. Goldzier, for appellant. E. C. Kindleberger, for the People. No opinion. Judgment affirmed. Order filed.

PEOPLE v. MERCHANTS' TRUST CO. (Supreme Court, Appellate Division, Third Department. December 7, 1906.) Proceedings by the people of the state of New York against the Merchants' Trust Company.

PER CURIAM. Motion granted for leave to go to Court of Appeals, and questions certified as follows: (1) Are depositors and holders of certificates of deposit having special interest contracts with the Merchants' Trust Company entitled to payment, in addition to the amounts already paid to them, respectively, to wit, the full amount of the principal of their deposits, of any interest whatever upon their respective balances after May 23, 1905, the date of the appointment of the receivers of said Merchants' Trust Company? and, if so, are they entitled to interest at the contract rate or at the legal rate? (2) Are depositors and holders of certified checks, having no interest contracts with the Merchants' Trust company, entitled, in addition to the sums already received by them, to wit, the full amount of the principal of their claims, to interest upon their respective credit balances and sums owing them after May 23, 1905?