## COURT OF APPEALS,

### December 10, 1912.

## THE PEOPLE v. MARGARET PASQUALE.

(206 N. Y. 598.)

(1.) EVIDENCE—DISORDERLY HOUSE.

On trial of an indictment for keeping a disorderly house, in violation of section 1146 of the Penal Law, evidence was received of certain occurrences in the presence of the defendant, at the house in controversy; and of the number and sex of persons who, in the presence of the defendant, from time to time, both day and night, passed through an alleged grocery store, situated in a room next to the street on the first floor of the house, to and from a sitting room or kitchen and a bedroom in the rear thereof. *Held*, that the evidence was direct and pertinent upon the question as to whether the crime had been committed, and competent.

(2.) SAME—PENAL LAW, § 3, SUBD. 9.

Evidence of the common fame or report of a house charged with being a disorderly house is competent under subdivision 9 of section 3 of the Penal Law. (People v. Calabresse, 149 App. Div. 955, overruled.)

(3.) SAME—CHARACTER OF INMATES.

Testimony relating to the character of the women who frequent such a house is competent and generally admitted by the court for the purpose of showing the reputation and character of the house itself.

*People v. Pasquale*, 151 App. Div. 933, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1912, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of a misdemeanor in keeping a disorderly house in violation of section 1146 of the Penal Law.

The facts, so far as material, are stated in the opinion.

*Caesar B. F. Barra,* for appellant.

The admission of testimony of the general reputation of the house was error. (People v. Mauch, 24 How. Pr. 276; People v. Calabrese, N. Y. L. J. March 19, 1912; Wooster v. State, 55 Ala. 217.)

*Charles S. Whitman, District Attorney (Robert C. Taylor* and *George Z, Medalie,* of counsel), for respondent.

Evidence of the reputation of the premises was proper. (People v. Jones, 129 App. Div. 772, 195 N. Y. 547; Penal Law, § 3, subd. 9.)

CHASE, J.:

The defendant was convicted of the misdemeanor of keeping a disorderly house. A careful examination of the record shows that there is evidence to sustain the conviction and the merits of the case will not be considered in this opinion.

The appellant insists that there were three classes of testimony received upon the trial subject to her objections and exception, and that the receipt of each class of such testimony was seriously prejudicial to the defendant.

Questions were asked of witnesses as to what they observed, and in answer thereto evidence was received of certain occurrences, in the presence of the defendant, at the house in controversy; and of the number and sex of persons who, in the presence of the defendant, from time to time, both day and night, passed through an alleged grocery store, situated in a room next to the street on the first floor of the house, to and from a sitting room or kitchen and a bedroom in the rear thereof. The evidence was direct, pertinent upon the question as to whether the crime had been committed, and competent. (People v. Jones, 129 App. Div. 772, 23 N. Y. Crim. 210; affd., 195 N. Y. 547.)

A witness was asked and allowed to answer a question as to the general character and reputation of the house in question. The term " disorderly house," in connection with other terms, is construed by subdivision 9 of section 3 of the Penal Law, as follows: " The terms ' reputed house of prostitution or assignation,' ' house of prostitution,' ' house of ill-fame or assignation,' ' disorderly house,' include all premises which by common fame or report are used for purposes of prostitution or assignation." The construction of the term " disorderly house " in the statute as quoted is not exclusive of the provisions of section 1146. It has, however (if not without it), made testimony of the common fame or report of a house competent.

Wigmore, in his work on Evidence (Vol. 1, § 78), says: " If it distinctly appears in the statute that the repute of the house is the essential criminal fact, so that merely to keep a house of that reputation is the offense, then the reputation is a fact in issue, and the reputation may be shown, irrespective of the actual character or use of the house. But if the actual character or use of the house is also or alone an eler ent of the crime, then the question of the use or reputation is an evidentiary one, i. e., whether reputation, as an exception to the hearsay rule, may be used to evidence the character."

As the question of the common fame or report of a house has been made competent by statute, it is unnecessary to discuss the further question whether such evidence would be competent apart from the quoted provision of the statute. The appellant cites as authority for her contention that evidence of the general reputation of the house should not have been admitted, the cases of People v. Mauch (24 How. Pr. 276) and People v. Calebrese (149 App. Div. 955). At the time the Mauch case was decided the statute did not include the language now quoted therefrom relating to common fame or report. The language of the statute quoted was enacted in 1886

(Laws of 1886, chap. 31). It was by that chapter added as subdivision 16 to section 718 of the then Penal Code. An examination of the record and briefs of the Calabrese case in the Appellate Division, second department, shows that the provision of the Penal Law and of the Penal Code, from which it was taken, construing the term "disorderly house," was not called to the attention of the court in that case; neither was the question of the admission of testimony relating to the reputation of the house raised by the appellant in his brief. The decision in that case is necessarily overruled by what we are deciding in this case. The Appellate Divisions of the first and fourth departments have held that evidence of the common fame and report of a house charged as being a disorderly house is competent. (People v. Gordon, 93 App. Div. 612; People v. Hart, 115 App. Div. 896.)

The third question raised by the appellant in this case is that the court improperly admitted testimony relating to the character of the women who frequented said house. Such testimony is competent and for many years has been generally admitted by the courts for the purpose of showing the reputation and character of the house itself. (People v. Hulett, 15 N. Y. Supp. 630; Harwood v. People, 26 N. Y. 190; Underhill on Criminal Evidence, § 482.)

The judgment of conviction should be affirmed.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and COLLIN, JJ., concur.

Judgment of conviction affirmed.