THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM PIERI, JOE PIERI, JOHN TRONOLONE and ANTHONY PERNA, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM BERMAN, BARNEY GAMBINO, IRVING MOSKOWITZ, IRVING SHANKER and OSCAR SHAPIRO, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SALVATORE ARCIDIACO and SALVATORE SPITALE, Appellants.

316

(Argued November 25, 1935; decided January 7, 1936.)

*Samuel M. Fleischman* for Sam Pieri, Joe Pieri, John Tronolone and Anthony Perna, appellants. Subdivision 11 of section 722 of the Penal Law is unconstitutional because it is vague and indefinite; because the presumption created by the statute violates the constitutional requirement of due process of law; because it requires the accused to testify in his own behalf to meet the presumption, and because it does not accord the accused a fair opportunity to make his defense. (*Hammond v. State of Ohio*, 78 Ohio St. 15; *Manley v. Georgia*, 279 U. S. 1; *St. Louis v. Roche*, 128 Mo. 541; *St. Louis v. Fitz*, 53 Mo. 582; *Pinkerton v. Verberg*, 78 Mich. 584; *People v. Licavoli*, 264 Mich. 643; *People v. Alterie*, 356 Ill. 307; *People v. Belcastro*, 356 Ill. 144.) The law is unconstitutional because the presumption of guilt being based upon reputation of the accused, without more, is unreasonable and arbitrary. (*People v. Licavoli*, 264 Mich. 643.)

*Harry G. Anderson, Sol A. Klein* and *Abraham H. Kesselman* for Sam Berman, Barney Gambino, Irving Moskowitz, Irving Shanker and Oscar Shapiro, appellants. Subdivision 11 of section 722 of the Penal Law does not formulate a clear and definite test of criminality. It is so vague and indefinite as to constitute a deprivation of liberty without due process of law as well as an unwarranted delegation of legislative authority. It is, therefore, unconstitutional. (*People v. Stoll*, 242 N. Y. 453; *People v. Shakun*, 251 N. Y. 107; *Connally v. General Constr. Co.*, 269 U. S. 385; *Standard C. & M. Corp. v. Waugh Corp.*, 231 N. Y. 51; *People v. Belcastro*, 356 Ill. 144; *People v. Alterie*, 356 Ill. 307; *People ex rel. Frank v. Keeper*, 38 Misc. Rep. 233; *United States v. Reese*, 92 U. S. 214; *United States v. Cohen Grocery Co.*, 255 U. S. 81.) The presumption created by the statute violates the constitutional requirement of due process of law for the reason that there is no rational connection between the fact proved and the fact presumed. (*People ex rel. Waronoff v. Mallon*, 222 N. Y. 456; *McFarland v. American*

*Sugar Co.*, 241 U. S. 79; *Manley* v. *Georgia*, 279 U. S. 1;
*Bailey* v. *Alabama*, 219 U. S. 219; *Mobile, J. & K. C.
R. R. Co.* v. *Turnipseed*, 219 U. S. 35; *People* v. *Cannon*,
139 N. Y. 32; *Opinion of the Justices*, 208 Mass. 619;
*Morrison* v. *California*, 291 U. S. 82; *Bd. of Commrs.* v.
*Merchant*, 103 N. Y. 143; *State* v. *Kline*, 50 Ore. 426;
*State* v. *Lawlor*, 28 Minn. 216; *People* v. *Mancuso*, 255
N. Y. 463; *Western & A. R. R. Co.* v. *Henderson*, 279 U. S.
639; *People* v. *Rizzo*, 246 N. Y. 334; *People* v. *Knapp*, 206
N. Y. 373; *People* v. *Flack*, 125 N. Y. 324; *People* v.
*Nixon*, 248 N. Y. 182.)   The presumption of guilt, being
based upon the " reputation " of the accused is unreason-
able and arbitrary amounting to a deprivation of due
process of law. (*People* v. *Licavoli*, 264 Mich. 643;
*Hughes* v. *State*, 29 Ohio C. C. 237; *Hammond* v. *State*,
78 Ohio St. 15; *State* v. *Kartz*, 13 R. I. 528; *People* v.
*Ahearn*, 196 N. Y. 221; *Matter of Rouss*, 221 N. Y. 81.)
The statute deprives a citizen of the right of liberty
guaranteed by section 6 of article 1 of the Constitution.
(*People ex rel. Palter* v. *Warden*, 200 N. Y. Supp. 542;
*City of Watertown* v. *Christnacht*, 39 S. D. 290; *Hechinger*
v. *Maysville*, 22 Ky. 486; *Cady* v. *Barnesville*, 4 Ohio
Dec. 396; *St. Louis* v. *Roche*, 128 Mo. 541; *Matter of
Smith*, 135 Mo. 223.)   The presumption created by the
statute was wholly destroyed by the testimony adduced
by the defendants.   The trial court was, therefore, in
error in finding the defendants guilty.   (*People* v. *Cannon*,
139 N. Y. 32; *People* v. *Egnor*, 175 N. Y. 419; *Chaika* v.
*Vandenberg*, 252 N. Y. 101; *St. Andrassy* v. *Mooney*, 262
N. Y. 368; *Chesapeake & Ohio Ry. Co.* v. *Martin*, 283
U. S. 209; *People* v. *Ledwon*, 153 N. Y. 10.)   The prosecu-
tion failed to either charge in its complaint or to prove at
the trial that defendants committed any act with intent
to provoke a breach of the peace or whereby a breach of
the peace might be occasioned.   (*People* v. *Zambounis*,
251 N. Y. 94; *People* v. *Cook*, 220 App. Div. 110; 248
N. Y. 597; *People* v. *Nixon*, 248 N. Y. 182.)

*Elvin N. Edwards, Leo Fishel, Maurice F. Cantor* and *Robert J. Fitzsimmons* for Salvatore Arcidiaco and Salvatore Spitale, appellants. One of the elements of the statute is that the defendant " bears an evil reputation," and without legal and competent proof of such fact a defendant may not be found guilty. (*People* v. *Van Gaasbeck,* 189 N. Y. 408; *Carlson* v. *Winterson,* 147 N. Y. 652; *People* v. *Crapo,* 76 N. Y. 288; *People* v. *Irving,* 95 N. Y. 541; *People* v. *Colantone,* 243 N. Y. 134.) Subdivision 11 of section 722 of the Penal Law is unconstitutional in that it violates the requirement of due process of law, as prescribed by section 1 of the Fourteenth Amendment to the Constitution of the United States. (*People* v. *Cannon,* 139 N. Y. 32; *Morrison* v. *California,* 291 U. S. 82; *People ex rel. Waranoff* v. *Mallon,* 222 N. Y. 456; *People* v. *Belcastro,* 356 Ill. 144; *City of St. Louis* v. *Fitz,* 53 Mo. 582; *St. Louis* v. *Roche,* 128 Mo. 541; *Matter of Smith,* 135 Mo. 223; *People* v. *Licavoli,* 264 Mich. 643.)

*Walter C. Newcomb, District Attorney* (*W. J. Wetherbee* and *David F. Doyle* of counsel), for respondent. The statute does not violate the constitutional requirements of due process of law. (*People* v. *Cannon,* 139 'N. Y. 32; *Mobile, J. & K. C. R. R. Co.* v. *Turnipseed,* 219 U. S. 35; *Board of Commissioners of Excise* v. *Merchant,* 103 N. Y. 143; *Casey* v. *United States,* 276 U. S. 413; *Fong Yue Ting* v. *United States,* 149 U. S. 698; *Adams* v. *New York,* 192 U. S. 585; *Bailey* v. *Alabama,* 219 U. S. 219.)

*William F. X. Geoghan, District Attorney* (*Ralph K. Jacobs* of counsel), for respondent. The Legislature is invested with the power to regulate the conduct of evil characters. (*Ives* v. *South Buffalo R. R. Co.,* 201 N. Y. 271; *People ex rel. Armstrong* v. *City Prison,* 183 N. Y. 223; *People ex rel. Kemmler* v. *Durston,* 119 N. Y. 569; *People* v. *Crane,* 214 N. Y. 154; *Knoxville Iron Co.* v. *Harbison,* 183 U. S. 13.) The presumption is evidentiary and may be rebutted. (*People* v. *Nibur,* 238 App. Div.

233; *People* v. *Adams*, 176 N. Y. 351; *People* v. *Persce*, 204 N. Y. 397; *Casey* v. *United States*, 276 U. S. 413; *People* v. *Cannon*, 139 N. Y. 32; *People* v. *Nelson*, 234 App. Div. 481.) It was not incumbent upon the People to prove that any of the defendants had knowledge of the evil reputation of the others. (*Tenement House Dept.* v. *McDevitt*, 215 N. Y. 160; *Commonwealth* v. *Smith*, 166 Mass. 370; *Commonwealth* v. *Mixer*, 207 Mass. 141; *People* v. *Greenberg*, 134 App. Div. 599; *Morrison* v. *California*, 291 U. S. 82.) The defendants were proved guilty beyond a reasonable doubt. (*People* v. *Katz*, 154 App. Div. 44; 209 N. Y. 311.)

*William Copeland Dodge*, District Attorney (*LeRoy Mandle* and *Felix C. Benvenga* of counsel), for respondent. The People's case was fully proved. (*People* v. *Perry*, 265 N. Y. 362; *People* v. *Hipple*, 263 N. Y. 242; *People ex rel. Steckler* v. *Warden*, 259 N. Y. 430; *People* v. *Sugarman*, 248 N. Y. 255; *People* v. *Cashin*, 259 N. Y. 434; *People* v. *Rosenzweig*, 265 N. Y. 323.) The statute is not unconstitutional. (*People ex rel. Sinkler* v. *Terry*, 108 N. Y. 1; *People* v. *Crane*, 214 N. Y. 154; *People* v. *Grogan*, 260 N. Y. 138; *Harriman* v. *Interstate Commerce Comm.*, 211 U. S. 407; *Carey* v. *South Dakota*, 250 U. S. 118; *People* v. *Cannon*, 139 N. Y. 32; *People* v. *Adams*, 176 N. Y. 351; 192 U. S. 585; *People* v. *Persce*, 204 N. Y. 397; *People* v. *Trimarchi*, 231 N. Y. 263; *People* v. *Pasquale*, 206 N. Y. 598; *Board of Commrs.* v. *Merchant*, 103 N. Y. 143; *People* v. *West*, 106 N. Y. 293; *People* v. *Hinksman*, 192 N. Y. 421; *People* v. *Most*, 128 N. Y. 108; *State* v. *Bulot*, 175 La. 21; *People* v. *Mancuso*, 255 N. Y. 463.)

*Paul Windels*, Corporation Counsel (*Paxton Blair*, *Seymour B. Quel* and *Ambrose J. Haddock* of counsel), for Police Department of the City of New York, *amicus curiæ*. It is within the power of the Legislature to pass statutes making certain facts *prima facie* evidence of

other facts, provided only that there is a reasonable relation between the two sets of facts — a requirement which is fulfilled by subdivision 11 of section 722 of the Penal Law. (*People* v. *Nibur*, 238 App. Div. 233; *People* v. *Adams*, 176 N. Y. 351; *People ex rel. Woronoff* v. *Mallon*, 222 N. Y. 456; *Casey* v. *United States*, 276 U. S. 413.) Subdivision 11 of section 722 of the Penal Law fulfills all other constitutional requirements with reference to the enactment of criminal statutes. (*People* v. *Stoll*, 242 N. Y. 453; *People* v. *Grogan*, 260 N. Y. 138; *People* v. *Trimarchi*, 231 N. Y. 263; *People* v. *Colantone*, 243 N. Y. 134; *People* v. *Van Gaasbeck*, 189 N. Y. 408; *Woods* v. *People*, 55 N. Y. 515; *Brennan* v. *People*, 7 Hun, 171; *People* v. *Pasquale*, 206 N. Y. 598; *People* v. *Abeel*, 182 N. Y. 415; *Lawton* v. *Steele*, 119 N. Y. 226; 152 U. S. 133; *People* v. *Perretta*, 253 N. Y. 305; *City of Buffalo* v. *Hawks*, 251 N. Y. 588; *People* v. *Crane*, 214 N. Y. 154.)

CRANE, Ch. J. The appeal in these three cases challenges the constitutionality of subdivision 11 of section 722 of the Penal Law. As there appears to be some uncertainty as to the meaning of the section we must at the very beginning analyze its provisions to ascertain just what acts are made criminal. Section 722: " Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" * * * Who bears an evil reputation and with an unlawful purpose consorts with thieves and criminals * * * consorting with persons of like evil reputation, thieves or criminals shall be *prima facie* evidence that such consorting was for an unlawful purpose " (Subd. 11).

This is the offense and these the acts which must be proved to convict. Let us take them one by one:

*First.* The People must prove an intent to provoke a breach of the peace or whereby a breach of the peace may

be occasioned. What is a breach of the peace? " It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (*People* v. *Perry*, 265 N. Y. 362, 364.) There are two intents mentioned, one, the intent to provoke a breach of the peace, the other, the consorting for an unlawful purpose. The statute is loosely drawn as a meeting of criminals for an unlawful purpose is a meeting with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned. The combination of intents, however, indicates that the association of these evil-minded persons must be to do or plan something unlawful. The consorting alone is no crime. The *prima facie* evidence provision in this section, however, would apply to the intent to provoke a breach of the peace as well as to the unlawful purpose.

*Second.* There must be proof of defendant's evil reputation. Reputation is a very indefinite and uncertain matter to prove; one neighbor may strenuously disapprove of habits or conduct which another neighbor may consider harmless. In this connection where we find the words in a criminal statute we must assume that they mean " bad " reputation; that the character imputed to the person in the community is bad, generally bad. That bad reputation is a fact which the law recognizes as capable of proof, see *People* v. *Pasquale* (206 N. Y. 598); *Woods* v. *People* (55 N. Y. 515); *Brennan* v. *People* (7 Hun, 171).

*Third.* The prosecution must prove that this bad person consorts with thieves and criminals. These words must be examined or else we go astray. The associates must be thieves and criminals, that is, present wrongdoers. Of course this does not mean that they must be in the act of committing crime, but that they by course of conduct, manner of living, recent criminal records and other facts and circumstances are shown to the trier of facts to be people who have not reformed, but remain

violators of the law. We would never go so far, I am
sure, as to say that because a man had been in prison he
remained a criminal all his life. Some men, as we know,
with no criminal propensities at all have made mistakes,
been overtaken by temptation and paid the penalty the
State demands. We would not add to their burden by
saying or even intimating that they should be shunned
or classed as criminals. The people this section points
at are those who from their records and present lives are
continuing in crimes of a serious nature, such as robberies,
burglaries, kidnappings, forgeries and the like. Each
case will depend upon the evidence. Sufficient for this
analysis, that the associates must be this kind of persons,
" thieves and criminals "— a general description of a
present state of being. " Consort," what does this word
import? It connotes a union; a continuity of companion-
ship; the noun gives a better expression to the idea — a
partner or colleague.

*Fourth.* And to all these facts is to be added the purpose
of this companionship, which must be for an " unlawful "
purpose.

Here then is the crime. If a person of bad reputation,
with intent to provoke a breach of the peace, keeps
company with criminals, makes them his associates, for
an unlawful purpose, he is guilty of disorderly conduct.
Nothing unconstitutional about such a statute. There
may be difficulty in finding the evidence or in proving
the case, but when proved, an offense is committed not
unlike " vagrancy," which has been in the statute books
for many a day. (Code Crim. Proc. § 887, subd. 10.)
It is an attempt to prevent crime by disrupting and
scattering the breeding spot.

This section of the Penal Law has not the defects of
those statutes in other jurisdictions which have been held
invalid. (*City of St. Louis* v. *Fitz*, 53 Mo. 582.) An
ordinance making it a crime to " knowingly [associate]
with persons having the reputation of being thieves " was
held to be unconstitutional, if mere association were the

crime. (See, also, *City of St. Louis* v. *Roche*, 128 Mo. 541; and *Matter of Smith*, 135 Mo. 223; *People* v. *Belcastro*, 356 Ill. 144; *Stoutenburgh* v. *Frazier*, 16 D. C. App. Cas. 229; *People* v. *Licavoli*, 264 Mich. 643.) Mere association of people of ill repute with no intent to breach the peace or to plan or commit crime is too vague a provision to constitute an offense. Neither can reputation alone — bad reputation — be made a crime. Suspicion does not establish guilt. But when we have a person of bad repute in close association and companionship with criminals and thieves, for an unlawful purpose and with intent to breach the peace, we have a set of facts much stronger and more definite than anything in the above cases.

We think these elements comply with the rule that criminal statutes should have a clear meaning and purpose and should not be doubtful and uncertain. (*Connally* v. *General Construction Co.*, 269 U. S. 385; *People* v. *Briggs*, 193 N. Y. 457, 459.)

One fact which must be proved by the People is left in the first instance to a presumption. The fact that the defendant is found consorting with thieves and criminals shall be *prima facie* evidence that such consorting was for an unlawful purpose. Is this an unreasonable or unnatural presumption? Is there not here some rational relation between the fact proved and the fact presumed? (*Mobile, J. & K. C. R. R. Co.* v. *Turnipseed*, 219 U. S. 35.) Does not experience warn us that when evil persons associate with those who commit crime or have repeatedly been convicted of violating the law, it is all to no good purpose; such close association immediately suggests that some unlawful scheme is being concocted? Besides, the prosecution, even with the aid of this presumption, must still prove to the satisfaction of the judge, beyond a reasonable doubt, that the consorting was in reality for an unlawful purpose; the burden of proof is not shifted. (*People* v. *Cannon*, 139 N. Y. 32.)

With this explanation and interpretation of section 722, subdivision 11, or, rather, taking these provisions

as they read, the statute is not unconstitutional. The proof, however, is another matter.

The conviction of Arcidiaco and Spitale was obtained on a misreading of this disorderly conduct statute. They were tried as being persons of evil reputation, meeting and conversing together, and convicted solely on their reputation. There is no such crime, as the above explanation makes clear. The Assistant District Attorney with his usual frankness admitted this on the argument so far as to the facts which the evidence established.

The case against Berman, Gambino, Moskowitz, Shanker and Shapiro lacks sufficient proof of *consorting* with each other for an unlawful purpose. They were seen together for about two minutes.

As to the case from Erie county, wherein the two Pieris, Tronolone and Perna are defendants, we have different circumstances. Sam and Joseph Pieri are brothers. Anthony Perna had been arrested a number of times for violation of the traffic laws, and in 1927 sentenced to Auburn Prison for a crime against nature. Sam Pieri's record showed that he had been convicted three times for violating the Motor Vehicle Law, and in 1928 for larceny in the second degree. Both men had been arrested on other charges which were dismissed. John Tronolone had a record which showed that he had been found guilty of juvenile delinquency, fined five dollars for gambling and fifteen dollars for disorderly conduct, twenty-five dollars for petit larceny and sentenced in 1932 for possessing burglar's tools to nine months in Monroe County Penitentiary. Joseph Pieri, by his list of exploits, had been fined twenty-five dollars for gambling, and once had sentence suspended for violating the Traffic Law. Are these men now thieves and criminals within the meaning of the statute, which must be a clear and positive expression of legislative intent to be constitutional? (*People* v. *Shakun*, 251 N. Y. 107.) The Legislature does *not* say that one who has been *convicted*

of a crime is thereafter to be considered a criminal, or
that consorting with such an one is an offense. The
persons must be presently living as thieves and criminals.
Such is the wording, such must be the meaning. Did
these young men consort under such circumstances as to
make out a case of disorderly conduct or a *prima facie*
case within the meaning of this section of the Penal Law?

One night at about nine o'clock Officer Felicetta saw
these four defendants standing on the corner of Chippewa
and Pearl streets in the city of Buffalo, and arrested them.
He had seen them on that corner on previous occasions
during the past five or six months. He says their reputa-
tion is bad. He never saw them do anything wrong,
simply talking to one another. Two of them were brothers
living at home with their parents. Another officer said
the same thing; he did not hear a word that was spoken
nor did he see the boys do anything wrong. " I seen
them walk away when they seen us." The defendants
took the stand and swore that they were talking together
about possible work, that their meetings were occasional
while passing along the street or eating in restaurants.

The offense defined by the section of the Penal Law we
have been considering is not made out by such evidence.
Four young men, two of them brothers, who have been
arrested and convicted of motor law violations and two
of them for felonies, with bad reputations, according to
the police officers, are seen standing on a public street
corner talking: how long is not stated. They are arrested
and sent to the penitentiary for six months because they
were seen talking together in the street on other occasions.
There was not the slightest indication that they had any
intent to cause a breach of the peace, or were talking about
or planning anything wrong, or that anybody was likely
to be disturbed. A very reasonable doubt exists as to
whether the defendants were at the time thieves and
criminals within the meaning of this act. Like most
cases, a question of degree or substance must enter into
the consideration of the evidence under such laws.

Persons who have been convicted of crime and served the sentence imposed are not thereafter barred from society or intercourse with other human beings; they are not outcasts, nor to be treated as such. The Legislature did not intend to close the doors to reformation, repentance or a new try at life. Whom is a man to talk to if he cannot talk to the friends and acquaintances his position in life has thrown him in with? Perhaps his past life has limited the number and prevents many new ones. The words which have been added to, and included in, this statute show that the consorting must be for an unlawful purpose, some proof of which is furnished by bad reputed persons conspiring with those who, at the present, are thieves and criminals. A person arrested by a policeman but discharged as not guilty cannot in any just or safe sense or by law be termed a criminal.

We think the evidence is lacking in all these three cases to make out the offense charged, and we accordingly reverse the convictions and dismiss the informations.

The judgments should be reversed and the informations dismissed.

FINCH, J. (dissenting). I agree that it was within the police power of the Legislature to enact the statute in question and that there exists no constitutional barrier; but I go further and hold that upon the record in the case of the appellants Sam Pieri, Joe Pieri, John Tronolone and Anthony Perna a question of fact was presented for the trial court and that the facts as shown in that record are amply sufficient to sustain the conviction.

Obviously the problem which the Legislature had to meet was the continued commission of crime for profit by experienced criminals who rely on some so-called pull or connection for profit or reciprocal favor, somewhere along the line, to escape through the meshes of the law. The problem is not new but of late has been more acute.

Must the law-enforcing agencies sit idly by while the known criminals hatch the plan? May the plan be nipped in the bud and the decent citizenry of the State be spared its consummation?

For the solution of this problem the Legislature has enacted section 722, subdivision 11, of the Penal Law. No question of constitutionality remaining, it is submitted that the facts in the case at bar sustain the finding of the trial court and hence this court may not interfere. If the facts in this record are not sufficient, how may this statute be intelligently administered? That the appellants were consorting together must be conceded. That they were persons of evil reputation is testified to by more than one witness who knows the fact of his own knowledge. Moreover, these witnesses are policemen, disinterested save as they are sworn to uphold the law. In addition we have the records of each defendant, an example being that of Sam Pieri, which follows:

Name Sam Pieri. 292 Jersey St.
Alias Samuel Johns, Sam Pieri, Salvatore Pieri.
Number of Picture in Gallery 20699
Criminal Record (as far as known)
Arrested in Buffalo, N. Y.

| | | |
|---|---|---|
| 8/ 7/21 | Charge | Malicious Mischief Dis. |
| 8/24/26 | " | 887–1 C.C.P. Sent. Suspended |
| 11/23/26 | " | Gr. Larc. Juv. Del. Dis. |
| 6/22/27 | " | 374–282–2 M.V.L. Fined $15.00 |
| 10/27/27 | " | Truancy turned over to School Auth. |
| 6/ 5/28 | " | Burg. 3rd. and Gr. Larc. 2nd. (Auto) Arr. with Edwin Graver Cur #20700 Arr. by Lieut. Rogers, Reed, Kelly, Bowers, Bisby, #5 Chge. to Gr. Larc. 2nd Probation Indef. |
| 10/ 4/30 | " | Pet Larceny (Shoplifting) A. M. & A. Store arr. by C. McGee, R. Gustaferro, J. Naples, H. Toomey, HD. Discharged. |
| 1/ 6/31 | Charge | Robbery 1st Degree stickup in Rochester, N. Y. (Gambling House) Arr. by E. Kenney and H. Toomey HD. turned over to Rochester, N. Y. police No. Disp. on this case. |
| 9/ 2/31 | " | 593–B tariff law arr. with John Fusco our #14265 and Anthony Cirincione our #15758 |

|  |  | arr. by Reardon and Monro U. S. Immigration Service No Disp. |
|---|---|---|
| 9/22/31 | Charge | 60–20–6 C.O. Traffic B. Murphy, MCD. Sent. Suspended. |
| 10/13/31 | " | 887–1 C.C.P. arr. by J. Crotty HD. Discharged. |
| 4/23/33 | " | Robbery 1st Degree arr. with Pasquale Grasante our #26553 Jos. Graziano Our #24803 and Jos. Pilato Our #12840 Arr. by Zimmerman, Maul, Griffis, McNamara, Matthews, and Wunderlich Hd. Turned over to State Police at Wanakah, N. Y. |
| 5/ 1/33 | " | Gr. Larc. 2nd Degree (Auto) Arr. with Joseph Graziano our #24803 Pasquale Grisante Our #26553 and Joseph Pilato Our #12840 Arr. by Matthews, McNamara, Maul, Wunderlich, and A. Zimmerman, HD. Indictment. Dism. |
| 5/28/33 | " | Robbery 1st Degree Arr. by E. Kenney, H. Toomey, & W. Holtz, F. O'Neil Hd. Dis. |
| 9/ 4/33 | " | 60–14–2 C. O. (Traffic) Speeding Parker MCD. Sentence Suspended. |
| 5/24/35 | " | 722–11 P. L. arr. by Asst. Chief of Dets. Lieut. V. Connors, Felicetta, Mahoney, W. Sullivan, G. Beyers, and R. Conroy HD. Case Pending. |

While the State at all times has the burden of proving the guilt beyond a reasonable doubt of these defendants under this statute, yet where the State, as here, has shown that the defendants bore evil reputations and were found consorting with persons of like evil reputations, thieves or criminals, the statute provides that this shall constitute *prima facie* evidence that such consorting was for an unlawful purpose whereby a breach of the peace may be occasioned. This is in accordance with the well-known principle often employed in the law that one fact proven may be *prima facie* evidence of another where there is a rational connection between the fact proved and the fact presumed. (*Mobile, J. & K. C. R. R. Co.* v. *Turnipseed*, 219 U. S. 35; *Board of Commissioners of Excise* v. *Merchant*, 103 N. Y. 143; *People* v. *Cannon*, 139 N. Y. 32.)

It then becomes necessary for the defendants, and they have the opportunity, to go forward and show that the purpose of their consorting is not unlawful. This the defendants attempted to do, but the learned trial court, as it had a right to do, disbelieved their testimony. The credibility and weight to be given testimony lies within the sole province of the trial court and the County Court. Moreover, it is submitted that even if it were otherwise, a reading of this record shows ample justification for the finding of the trial court and warrants the conviction of these defendants.

There is no assumption in this opinion that a person, arrested by a policeman but discharged as not guilty, can be a criminal. Reference has been made to the exhibits in the cause since what they show fairly bears on the issues and was before the trial court.

I, therefore, vote to affirm.

LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur with CRANE, Ch. J.; FINCH, J., concurs except as to defendants Pieri et al., as to whom he dissents in opinion; CROUCH, J., not sitting.

Judgments reversed, etc.