320

STATE OF NEW JERSEY, PLAINTIFF, v. JOSEPH CREMENS, THOMAS CHYRINSKI AND FRANK MANNO, DEFENDANTS.

Essex County Court
Law Division

Decided May 1, 1970.

*Mr. David Ben-Asher* and *Mr. Michael C. Parks* of the Newark-Essex Joint Law Reform Project, for defendants.

*Mr. Robert L. Podvey,* Assistant Prosecutor for the State (*Mr. Joseph P. Lordi,* Prosecutor, attorneys).

KAPP, J. C. C. Defendants stand charged on separate complaints in the Irvington Municipal Court wherein it is alleged that on September 26, 1969, at Civic Square in Irvington, defendant was a disorderly person "in that when apprehended he was consorting with [seven named persons] each bearing a bad reputation and each consorting with the other for an unlawful purpose contrary to the provisions of *N. J. S. A.* 2A :170–1."

Defendants moved for a dismissal of the complaints pursuant to *R.* 7 :4–2 (e) for the reason that the "consorting" presumption in the statute was not within the competency of the Legislature to enact, and thereby unconstitutional. The motion was denied; however, a stay of the trial was granted pending an interlocutory appeal to this court.

An affidavit filed in support of the motion alleges that defendants were arrested on September 26, 1969 in Civic Park, together with approximately 80 persons, charged with "consorting" in violation of *N. J. S. A.* 2A :170–1.

A consideration of defendants' contention leads us to *State v. Salerno,* 27 *N. J.* 289 (1958), where Chief Justice Weintraub expressed the view that the purpose of the challenged statute was to "nip crime in the beginning" by proscribing conduct that is indicative of a purpose to violate the law. It was also intended to prevent persons of bad

reputation from consorting for an unlawful purpose with other such persons and thereby to disrupt and scatter the breeding spot, such as an Appalachia.

*N. J. S. A.* 2A:170–1 provides that:

Any person who is apprehended and cannot give a good account of himself, or who is engaged in an illegal occupation and who is in this state for an unlawful purpose, is a disorderly person. In any prosecution under this section the fact that the person apprehended cannot give a good account of himself or is engaged in an illegal occupation is prima facie evidence that he is present in this state for an unlawful purpose.

Any person who is apprehended and proven to the satisfaction of the magistrate before whom he is brought to be a person who is engaged in an illegal occupation or who bears a bad reputation, and consorts for an unlawful purpose with thieves, burglars, pickpockets, swindlers, confidence men or other criminals or persons who bear a bad reputation, is a disorderly person. In any prosecution under this section the fact that the person apprehended is engaged in an illegal occupation or bears a bad reputation and is found consorting with thieves, burglars, pickpockets, swindlers, confidence men or other criminals or persons who bear a bad reputation, is prima facie evidence that such consorting was for an unlawful purpose.

The first half of the statute was designed to control loitering. In the present case defendants challenge the validity of the proscription set forth in the latter part of the act, upon which the complaints are predicated. The provision of the statute under attack may be thus summarized:

Any person who is apprehended and proven to the satisfaction of the magistrate before whom he is brought to be a person * * * who bears a bad reputation, and consorts for an unlawful purpose with * * * persons who bear a bad reputation, is a disorderly person. In any prosecution under this section the fact that the person apprehended * * * bears a bad reputation and is found consorting with * * * persons who bear a bad reputation, is prima facie evidence that such consorting was for an unlawful purpose.

The defendants contend that the presumption created by the statute violates the constitutional requirement of due process of law for the reason that there is no rational connection between the fact proved and the fact presumed; that

the statute is vague, overbroad and offends the equal protection clause of the 14th Amendment to the Constitution.

The mandatory direction in the case of *Colwell v. Mays Landing Water Power Company,* 19 *N. J. Eq.* 245 (Ch. 1868), now compels our attention. Chancellor Zabriskie there held:

It is a principle of construction, that if an act admits of two constructions, one of which will render it unconstitutional and the other not, such construction shall be given to it as will make it in accordance with the constitution; for it must be presumed that the legislature did not intend to violate the constitution.

See also, *Endlich, Interpretation of Statutes* [1888 Ed.], § 178, at 246; *Sutherland, Statutes and Statutory Construction,* § 331, at 417.

In *State v. Zito,* 54 *N. J.* 206, 218 (1969), Chief Justice Weintraub, speaking for a unanimous court, sustained the validity of this statute, but excised therefrom the "good account" provision in the first part (vagrancy) of the act. The court reasoned that:

The central purpose of our statute being to reach presence at a place for an unlawful purpose rather than to punish silence, we think it fair to say the Legislature intended by the good-account provision to assure the suspect a chance to explain away the circumstances which appear inculpatory. It is fair and appropriate to accord that opportunity. We have some reservation, only because of the evolving view of the self-incrimination provision of the Fifth Amendment which may complicate this scene, either by barring the policeman's inquiry or by requiring warnings that will make the procedure too troublesome to be worthwhile. See *People v. Weger,* 251 *Cal. App.* 2d 584, 59 *Cal. Rptr.* 661 (D. Ct. App. 1967), *cert.* denied, 389 *U. S.* 1047, 88 *S. Ct.* 774, 19 *L. Ed.* 2d 840 (1968), and *cf. Orozco v. Texas,* 394 *U. S.* 324, 89 *S. Ct.* 1095, 22 *L. Ed.* 2d 311 (1969). But seeing no barrier as of now and deeming the good-account provision to be for the benefit of a suspect, we construe the statute to require the officer to offer an opportunity to explain, and therefore that proof of such an offer is prerequisite to a prosecution under that statute unless the court finds the circumstances prevented an offer or made one plainly unnecessary. We add that if developments hereafter should render such an inquiry unconstitutional, the good-account provision may well fall without impairing the remainder of the statute. The statute

is an important instrument for protection of the individual, and since the Legislature would likely want the statute to remain to the extent that it may, we see no impediment to such judicial surgery as will bring the statute within the Constitution.

The section of the statute here under attack has twice before been challenged in the courts of New Jersey. *Nedza v. Klein,* 116 *N. J. L.* 350 (Sup. Ct. 1936), and *Stromberg v. Court of Common Pleas,* 118 *N. J. L.* 387 (Sup. Ct. 1937). However, neither case was argued or decided upon constitutional grounds.

The New York Court of Appeals in the case of *People v. Pieri,* 269 *N. Y.* 315, 199 *N. E.* 495 (1936), dealt with a strikingly similar statute that was assaulted upon the identical grounds projected by defendants herein. In an extensive discussion of the constitutional issues presented, that court refused to invalidate its statute and added: .

> Is this an unreasonable or unnatural presumption? Is there not here some rational relation between the fact proved and the fact presumed? * * * Does not experience warn us that when evil persons associate with those who commit crime or who have repeatedly been convicted of violating the law, it is all to no good purpose; such close association immediately suggests that some unlawful scheme is being concocted: Besides, the prosecution, even with the aid of this presumption, must still prove to the satisfaction of the judge, beyond a reasonable doubt, that the consorting was in reality for an unlawful purpose: the burden of proof is not shifted."

See also, *United States v. Gainey,* 380 *U. S.* 63, 84 *S. Ct.* 754, 13 *L. Ed.* 2d 658 (1965); *State v. Di Rienzo,* 53 *N. J.* 360 (1969).

The *quantum* of proof required to secure a conviction under the statute, as defined by our former Supreme Court in *Nedza* and in *Stromberg, supra,* is indeed great; a defendant's constitutional rights are not offended when prosecuted, as here, for a violation brought under the provision of *N. J. S. A.* 2A:170-1 for "consorting."

In view of the foregoing the motion to dismiss the complaints is denied. The case is remanded to the Irvington Municipal Court and there to be dealt with according to law.