(94 Misc. Rep. 500)

## PEOPLE v. LUKOWSKY.

(Court of General Sessions, New York County. March, 1916.)

1. CRIMINAL LAW ⬤➾260(11)—REVIEW—QUESTIONS OF FACT.
　　The magistrate's determination of the facts, in a prosecution for disorderly conduct provoking a breach of the peace, is conclusive on appeal.
　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 569–571, 586–589, 591; Dec. Dig. ⬤➾260(11).]

2. BREACH OF THE PEACE ⬤➾1—ELEMENTS OF OFFENSE—INSULTING REMARKS.
　　No remark, however insulting, addressed while under lawful arrest to the police officer making the arrest, there being no evidence that the remark was made in a loud voice or public manner, can be deemed disorderly conduct tending to or intended to provoke a breach of the

peace, and a conviction on proof of such a remark, where the magistrate fails to find that the defendant blocked the way of pedestrians as alleged, was erroneous.

[Ed. Note.—For other cases, see Breach of the Peace, Cent. Dig. §§ 1–3; Dec. Dig. ☜1.]

Louis Lukowsky was convicted of disorderly conduct in the use of threatening, abusive, and insulting behavior to an officer, provoking a breach of the peace, and whereby a breach of the peace might be occasioned, and he appeals. Reversed.

Andrew J. Smith, of New York City, for appellant.

James E. Smith and Edward Swann, Dist. Atty., both of New York City, for the People.

NOTT, J. The defendant was convicted upon the testimony of a police officer, who swore that the defendant was annoying and interfering with passengers by stopping them and preventing their passage in front of the Grand Central Depot, where the defendant was apparently soliciting orders as a porter. He testified that after he arrested the defendant, while taking him to the station house, the defendant applied a vile name to the officer. The defendant on testifying denied all the allegations made by the officer. The magistrate thereupon said:

"I am satisfied of one thing: That you did call him the name he said you did. I find you guilty. I am not satisfied that you blocked the free passageway of pedestrians."

[1] The magistrate's determination of the facts I regard as conclusive, as he saw the witnesses and could determine their credibility. He has found that the defendant did not interfere with pedestrians, but has convicted him because he used an insulting remark to the officer after he had taken him into custody.

[2] I do not think that any remark, however insulting, addressed, while under lawful arrest, to the police officer making the arrest (there being no evidence that the remark was made in a loud voice or public manner), can be deemed disorderly conduct tending to, or intended to provoke, a breach of the peace. The law does not contemplate that the officer would assault a person in his custody by reason of a remark addressed to him, yet in no other way could the remark tend to provoke a breach of the peace. For this reason the conviction must be reversed.

As the magistrate has found that the other allegations against the defendant were not proved, he cannot be tried upon them. The complaint must be dismissed, and the fine remitted.

Judgment reversed.