THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID L. WEISSMAN, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, New York County, September 16, 1930.

*Kramer & Kleinfeld* [*David L. Weissman* of counsel], for the appellant.

*Thomas C. T. Crain, District Attorney,* for the respondent.

KERNOCHAN, Ch. J. This is an appeal from a conviction of disorderly conduct. The appellant is charged with using threatening, abusive and insulting behavior, with intent to provoke a breach of the peace in that on May 8, 1930, at premises 1397 Broadway, he interfered with the complaining witness, a police officer, in the performance of his duties while he was making an arrest.

The officer testified he had a prisoner under arrest in the premises 1397 Broadway, a cigar store. It would seem that the arrest was made at some other place but that the prisoner was taken into the store in order that the officer might make use of the telephone.

The appellant, a reputable member of the bar, was in the store.

The circumstances leading up to the arrest of the appellant are briefly stated by the officer in his testimony as follows: " At eight

o'clock, P. M., May 8, 1930, I had a prisoner under arrest at 1397 Broadway. There was quite a number of people worked their way into the store. I ordered the people out of the store, being I had trouble in there. This defendant worked his way to the prisoner, holding a conversation with him. I asked him to get out of the store. He said he don't have to go out of the store, it is a public place, he has a right in there. I said, get away from the prisoner. He said, I am a citizen, I have a right to advise this young man. I said, get out of here or I will arrest you. He said, I want to make a telephone call. I said, alright, go ahead and make your telephone call. He went in to make a telephone call and came out. In the meantime I went in to make a telephone call for the wagon. When I came out I saw the defendant with the prisoner. Now, I said, get away from the prisoner or I'll lock you up. He said, you don't know who I am; I'll take care of you. He took out a pencil and paper and took my shield number. I said, if you don't get away from the prisoner I will have to put you under arrest. He said, go ahead and arrest me. So I placed the defendant under arrest."

It is very probable that the cause of the arrest was not interference on the part of the appellant, but was due to the taking of the officer's shield number. Even if this should not be the reason for the arrest of the appellant there is not sufficient evidence of interference in the testimony to justify an arrest of the appellant nor a charge of disorderly conduct. Real interference by a bystander with an arrest is reprehensible and deserves punishment but such interference is not present in this case.

Judgment reversed on the law only; facts examined and no errors found therein. Complaint dismissed. Fine ordered refunded.

HEALY, J., concurs; HERBERT, J., dissents and votes for affirmance.