THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ERNEST SWALD, Defendant.

City Court of Utica, September 25, 1947.

*James Kernan* for plaintiff.

*W. Roger Pratt* for defendant.

WALSH, J. Defendant has been tried on an information charging a violation of section 722 of the Penal Law.

The information upon which defendant was placed on trial alleged that he was told about 8:30 P.M. on April 11, 1947, to stop soliciting passengers in the Union Station and that defendant left the station and returned about 1:00 A.M. on April 12, 1947, and solicited passengers for his cab and when told by the complainant to stop such solicitation, he refused and was placed under arrest.

The trial of the action demonstrated that the complainant did tell the defendant not to solicit passengers at about 8:30 P.M. on April 11th and that defendant returned about 1:00 A.M. on April 12, 1947.

The testimony of the one disinterested witness in the case, Police Officer McCullough of the Utica Police Department, indicated that at about 1:00 A.M. defendant approached two ladies and followed them to the taxi entrance and spoke to them although what was said was not overheard and that the complainant then "ordered all taxi drivers out of the station" and that "Swald wouldn't leave" and that "Swald then started away from the taxi entrance. He was approximately ten feet away when Terry said 'you are under arrest for disorderly conduct'."

One thing which stands out clearly in the record in this case is the fact that defendant's actions caused no crowd to collect nor was any loud, offensive, insulting or disturbing language or conduct employed by the defendant.

The section and subdivision which it is alleged defendant violated requires two elements: (a) Offensive, disorderly, threat-

ening, abusive or insulting language, conduct or behavior, (b) which language, conduct or behavior is intended to provoke a breach of the peace, or whereby a breach of the peace may be occasioned.

The term "breach of the peace" signifies a disturbance of the public peace or tranquillity (*People* v. *Frank,* 245 App. Div. 777, 778; *People* v. *Most,* 171 N. Y. 423, 429).

This court has heretofore held that section 722 must not be employed for the purpose of enforcing the so-called Taxi Ordinance (see *People v. Yost,* City Court of Utica, April 24, 1946, WALSH, J.). It has also held that a refusal to leave private property does not in and of itself constitute disorderly conduct (*People* v. *De Stefanis,* City Court of Utica, March 13, 1942, WALSH, J.) based upon the decisions in the cases of *People* v. *Oczko* (272 N. Y. 604), *People* v. *McCauliff* (267 N. Y. 581), *People* v. *Montgomery* (17 N. Y. S. 2d 71) and *People* v. *Ludovici* (13 N. Y. S. 2d 88).

There is an increasing tendency to employ section 722 whenever it is determined a person should be arrested. This should not be countenanced by the courts. The term "breach of the peace" was a term well known to the common law. It signified the disturbance of the public peace and tranquillity by any act or conduct inciting to violence or tending to provoke or incite others to breach the peace. As was stated in *People* v. *Frank* (*supra,* p. 778) it is a " * * * disturbance of public order by an act of violence, or by an act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community."

It is understandable that the refusal of the defendant to leave the premises was annoying, disturbing and perhaps offensive to the complainant as well as interference with the property rights of the New York Central Railroad. It may well be that defendant was a trespasser on the premises and could have been removed by force, if necessary, by the complainant or have been prosecuted under section 2036 of the Penal Law for unlawful intrusion on real property and the decision in the case of *People* v. *Leiby* (184 Misc. 21, LUTZ, J.) would not have been a bar to such proceeding for the reason that the New York Central Railroad owns the real property.

It has not been shown in this case that the defendant had any intention of breaching the peace. The record discloses no loud or angry talk, no boisterous or profane language, no physical violence or threat to do so. The record discloses without contradiction that complainant was about to arrest one Arthelia

who had been ordered to leave the station. When Arthelia established that he was there to meet someone on the train, the complainant then turned to defendant and in the words of the disinterested witness, McCullough said, "I told you before, Swald, that you had to stay out. Now you are under arrest" and defendant replied, "Go ahead."

Defendant is one of a group of independent taxi operators who have for a long time challenged the right of the New York Central Railroad Company to grant an exclusive right to the Black & White Taxi Company to solicit customers within the Union Station. As I have already indicated in a companion case, *People* v. *Humphreys* (190 Misc. 244), I believe that the independent operators may not so interfere with the property rights of the railroad and the Black & White Company but such question is presently before the Supreme Court on the theory of a continuing trespass. That is the proper forum for such determination and I have long urged such action. The outcome of that proceeding may well determine the future use of section 722 of the Penal Law but defendant should not be convicted of a criminal offense occurring in the past on the basis of what a higher court may rule in the future.

Accordingly, since there was no actual breach of the peace and the record discloses an extremely remote if not impossible threat to such breach since it is not to be assumed that the complainant, a police officer, would breach the peace, an essential element of the charge of disorderly conduct is lacking. Accordingly, the motion of the defendant to dismiss the information and discharge the defendant after trial is granted.