Walter J. Bayer, M.
The defendant, a tenant under a written lease of the fourth and fifth floors of premises 121 East 69th Street, Manhattan is charged with disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law.
The complainant and her husband are the sole stockholders of the corporate landlord owner of the building and with their two sons occupy the other portions of the building for professional and residential purposes.
The testimony for the prosecution was that the defendant conducted a house party in his apartment in such a manner as to disturb the peace and rest of the complainant and her family.
The defense introduced evidence that on the night in question defendant invited about 30 guests to an after-theatre party in honor of actress Elaine Stritch who was about to leave for Europe for a professional engagement, which party ended about four o’clock in the morning and that the complainant and her family are the only other residents of the building.
*260 It is undisputed that there was some piano playing, some dancing and music from a hi-fi record player and that the police were called early in the morning by the complainant because of the alleged noise and disturbance emanating from defendant’s apartment.
To constitute disorderly conduct under the statute there must be an actual or threatened breach of the peace which in turn means a disturbance of the tranquility of the People of the State. (People v. Chesnick, 302 N. Y. 58, 60, 61; People v. Perry, 265 N. Y. 362, 365.) The acts complained of and the conduct charged must be one which reasonably tends to a breach of the peace or must at least be such that a breach of the peace has become imminent, or, might reasonably be expected or intended to flow from such acts or conduct (People v. Monnier, 280 N. Y. 77, 78; People v. Nixon, 248 N. Y. 182, 186).
Here the acts and conduct of the defendant complained of, can be ascribed at most as a private annoyance. There was not that degree of commotion or disorder as would stir the general quietude of the community or any sizable segment thereof. Private annoyances, however exasperating or reprehensible are insufficient where no breach of the peace has resulted (People v. Chesnick, supra). The public was not disturbed nor could it have been under any reasonable interpretation of the proven facts and consequently there was no breach of the peace.
Accordingly, defendant is found not guilty, complaint is dismissed and defendant is discharged.