Frederick W. Loomis, J.
These are appeals taken by six defendants upon their separate convictions upon pleas of guilty to informations charging them with the offense of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law of the State of New York. The information in each case is the same and charges the defendant with ‘1 wrongfully, unlawfully, wilfully and knowingly aiding, abetting and acting in consort with six others, did with intent to provoke a breach of the peace or whereby a breach of the peace may have been occasioned, acted in a manner to annoy, disturb and be offensive to others in a public place, to wit: The parking lot of the Evening Inn and did spill beer about my car on the hood, trunk, roof and front seat and did expectorate on same. That it was *929 necessary to drive the car while seat was wet with beer which caused same to saturate my clothing.”
There are two elements necessary to sustain the charge here under consideration: (1) the acts must have been committed
with intent to provoke a breach of the peace, or whereby a breach of the peace might be occasioned; (2) the acts must have been such as to annoy, disturb, interfere with, obstruct, or be offensive to others.
It appears to this court that the informations must be held to be insufficient on both counts.
The only allegations set forth in the informations concerning an alleged breach of the peace are that the alleged acts occurred in a public place, to wit, the parking lot of the Evening Inn. To constitute the offense of disorderly conduct there must be more than the occurrence of the forbidden acts in a public place. In addition to the occurrence in a public place, it must appear that there is a disturbance of the public order, or a causing of consternation or alarm among a substantial segment of the community, or that such a disturbance of the public peace is imminent. The cases of People v. Perry (265 N. Y. 362) and People v. Feliciano (10 Misc 2d 836) are both instances where the alleged acts occurred in a public place but the informations were dismissed because there was no actual breach of the peace nor did facts appear whereby a breach of the peace might have been occasioned.
The informations here under consideration, at most, allege the mere conclusion that there was intent to provoke a breach of the peace, “ or whereby a breach of the peace may have been occasioned.” There are no factual allegations that there were even any other persons present, except the defendants, when the acts were committed. If there were no other persons present, how can it be said that any substantial portion of the public was alarmed or disturbed, or even that there was any danger of such a breach of the peace. An information, like an indictment, must set forth sufficient facts to show that the crime charged has been committed and it is not sufficient to allege mere conclusions. (People v. Grogan, 260 N. Y. 138; People ex rel. Livingston v. Wyatt, 186 N. Y. 383; People v. Zambounis, 251 N. Y. 94; People v. Schultz, 301 N. Y. 495.)
With regard to the second element of the offense, it also appears that the information is insufficient. Subdivision 2 of the section under consideration provides that in order to constitute the offense of disorderly conduct the acts must “ annoy, disturb, interfere with, obstruct, or be offensive to others ”. *930 It seems to this court that when we consider that the primary purpose of this section is to preserve public order and peace, then it would appear that the offensive conduct to “ others ” must be public in nature. It further appears to this court that such conduct must be a personal annoyance, disturbance or interference with persons rather than merely an annoyance or disturbance to a person because his property has been interfered with. Surely every victim of a burglary, or a larceny, or in fact almost any crime, is annoyed, disturbed or interfered with, but such fact alone does not bring the offender within the disorderly conduct statute even though he may be guilty of violating the burglary or larceny statutes. The informations in these cases do not even allege that the complainant was present when the alleged acts took place. Private annoyances, however exasperating or reprehensible, are insufficient to constitute disorderly conduct where no breach of the peace has resulted or is imminent. (People v. Rothberg, 8 Misc 2d 259; People v. McCauliff, 267 N. Y. 581.)
There is also a very interesting distinction between offensive acts committed against “ others ” as set forth in subdivision 2 of section 722 of the Penal Law and offensive acts against “ any person ” as set forth in section 720 of the Penal Law. (See People v. Harvey, 307 N. Y. 588.)
The determination of this appeal should not be construed as an approval of the defendants’ acts if they did in fact molest or damage the complainant’s property. Clearly, if the allegations of the information are true, then the defendants may well be guilty of a malicious injury to property in violation of subdivision 11-a of section 1425 of the Penal Law, or a violation of section 1433 of the Penal Law. Certainly there can be no justification for the defendants’ conduct, if true. However, no case justifies 'stretching a penal statute to fit the facts. No conviction can be justified unless the facts fit into the statute under which a defendant is charged. No matter how much we may despise the conduct of the defendants, we cannot predicate guilt on such a basis. (People v. Feliciano, supra.)
Section 722 of the Penal Law should not be used simply because someone believes that an arrest should be made. The facts alleged must clearly indicate a violation of the section before an information thereunder will be sustained. (People v. Swald, 190 Misc. 239.)
The informations herein should be dismissed, the sentences vacated and the fines remitted.