Benjamin Gassman, J.
The defendant was convicted of disorderly conduct (Penal Law, § 722, subd. 8). The Police Officer testified that he observed the defendant for 45 minutes while the latter was seated in a pay booth of the men’s room in the Long Island Bus Terminal. The officer then entered the adjoining booth and sat down. The two booths were separated by a solid partition which extended down to about 12 or 13 inches from the *1072 floor. After a few minutes, the officer observed a naked knee thrust under the partition from the adjoining booth for about 45 seconds, when the knee was withdrawn. A few minutes later, “ two knees got on the ground and a naked erect penis was thrust from the second booth ” into the booth occupied by the officer. The officer then left his booth, opened the door of the adjoining booth, where he found the defendant seated on the commode, with the bottom part of his body unclothed. He then' arrested the defendant.
The defendant took the stand and generally denied the officer’s testimony.
Reversal of the conviction is sought on the ground that
(1) there was no evidence of loitering or solicitation, and that
(2) there was no evidence of either a breach of the peace or the likelihood of a breach of the peace.
We dismiss the first ground. The Magistrate found as a fact that the defendant did loiter for the purpose of solicitation. Solicitation ‘ ‘ need not be in any particular form of words and it may well be * * * accomplished by gesture or other indication ”. (People v. McCormack, 9 Misc 2d 745, 747.)
The second ground, however, presents a question of law. Assuming all that the officer testified to be true, was there any evidence that the defendant intended to provoke a breach of the peace or did anything whereby a breach of the peace might have been occasioned? Section 722 of the Penal Law (known as the Disorderly Conduct statute) concerns itself exclusively with the preservation of the public peace. To constitute disorderly conduct, there must be evidence not only that (1) the defendant committed the acts charged, but also that (2) they were committed with intent to provoke a breach of the peace or under circumstances likely to cause a breach of the peace. (People v. Perry, 265 N. Y. 362, 364; People v. Pieri, 269 N. Y, 315, 322) “ [Tjhere.must be an actual or threatened breach of the peace which in turn means a disturbance of the tranquility of the People of the State ”. (People v. Rothberg, 8 Misc 2d 259, 260.)
The mere commission by a person of any of the acts specified in section 722 is not sufficient to spell out disorderly conduct without proof of an actual or threatened breach of the public peace. Subdivision 8 of section 722 of the Penal Law “ is not aimed at sex deviation as such ‘ degeneracy ’. * * * If it is
our purpose to strike directly at the persons and the practices envisioned by subdivision 8, we have only to make the law adequate ”, said the court in People v. Feliciano (10 Misc 2d 836, 838, 839) and we agree with the suggestion of the court in that *1073 case that if the Legislature intended to make acts of loitering for the purpose of soliciting men to commit a crime against nature or lewdness, crimes, all it had to do would be to add a new section, to be known as section 722-c, entitled: “Acts of lewdness or indecency ’ ’ and to provide therein that ‘ ‘ any person who, in any public place, invites or solicits another to engage in or to participate with him in committing a crime against nature or an act of lewdness or indecency, shall be deemed guilty of disorderly conduct”. (Ass. Int. No. 73, Pr. No. 73 [1958 Sess.].) Such a section would obviate the necessity of proving that such acts resulted in or were likely to result in a breach of the public peace.
As the law now stands, a conviction under subdivision 8 of section 722 cannot be had without proof of either actual or likely breach of the peace. Abhorrent as acts of degeneracy may be to the court — and they are — under the present state of the law, they are not sufficient to convict without evidence of actual or possible breach of the public peace.
The solicitation by the defendant was made of a police officer, who is a peace officer charged with the preservation of the public peace. (New York City Charter, § 435 [1938]). Certainly the defendant, or any person doing what the defendant did, would not entertain any intention to breach the peace. Breaking the public peace was the farthest thing from his mind, and surely we cannot assume that breaking the peace was in the police officer’s mind. Whatever occurred in that men’s room took place between the defendant and the police officer, and the arrest followed immediately after the solicitation by the defendant. Hence, the element of an actual or threatened breach of the public peace — so vitally necessary to sustain a conviction — was lacking.
Reluctantly the court reaches the conclusion that the judgment must be reversed. If section 722 of the Penal Law presents a barrier to a successful prosecution of this type of case, a revision of the law, as indicated before, is needed to make such prosecution more fruitful, in an effort to stamp out those evil practices. “ The People in this type of a case should not have to prove the preliminary underlying imperatives set forth in the preamble to section 722; nor should such abhorrent miscreants as the defendants in this case be enabled by the law itself to find effective shelter behind such convenient legal ramparts ”. (People v. Harrison, 11 Misc 2d 445, 448.)
The judgment should be reversed, complaint dismissed and the fine ordered remitted.