Milton A. Wiltse, J.
The defendant was convicted upon a plea of guilty before the Honorable K. Seaman Edgely, Police Justice of the Village of Alexandria Bay, New York, on August 10, 1959, of the offense of disorderly conduct, in violation of subdivisions 1 and 2 of section 722 of the Penal Law. From such conviction, he appeals.
Some of the grounds, upon which he seeks reversal of the judgment of conviction, require very careful consideration.
One alleges that the information upon which the present charge was based, was insufficient, and that, therefore, the court did not have jurisdiction to render judgment.
The others allege that the defendant was not advised of his. right to counsel, and of his right to an adjournment or postponement of the proceedings for the purpose of obtaining counsel, and was not given a reasonable opportunity so to do. These-are all discussed collectively.
*39 With regard to the first ground set forth above, the information states: “ That one Thomas G. Doyle, on the 9th day of August, 1959, at the public sidewalk and street (Market St.) in the Village of Alexandria Bay, County of Jefferson, N. Y., at about 11; :M dst o’clock in the afternoon of said day, did commit the crime of Disorderly Conduct in violation of Art. 70 section 722 par 1 and 2 of the Penal Law against the person or property of People of the State of New York by wrongfully, unlawfully, willfully, maliciously and knowingly Defendant did with intent to provoke a breach of the peace, whereby a breach of the peace was occasioned did act in the following manner, did call complainant a ‘ flat foot ’ & when told not to call him a ‘ flat foot ’ called complainant a god dam 1 flat foot ’ & began, to swing at complainant with his fists, & caused a crowd to collect by such actions & conduct.”
The section of the Penal Law applicable here is as follows: ” § 722. Disorderly conduct. Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: 1. Uses offensive, disorderly, threatening, abusive or insulting language, conduct or behavior; 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others. ’ ’
Complainant is a police officer of the Village of Alexandria Bay. The information charges that the acts complained of occurred on Market Street, a public street in the Village of Alexandria Bay, at about 11 o’clock in the evening of August 9, 1959. Market Street is a main thoroughfare passing the Monticello Hotel, in that village, and leading to the St. Lawrence River.
The acts and words alleged in the information would have been (subd. 1) offensive, threatening, abusive, or insulting to any person or persons actually on Market Street or who might have been passing by. All of the acts and conduct were admitted by the defendant’s plea of guilty, and it is felt that they were such as to tend to provoke a breach of the peace, and occasion a breach of the peace. In addition, the fact that a crowd gathered on the street tends to indicate that there were persons other than the police officer and defendant actually present, who were in a position to observe defendant’s acts and hear his words.
It would appear (subd. 2) that the conduct and words of the defendant alleged in the information, were also such as to annoy, disturb, and interfere with others.. By his plea of guilty, defend, *40 ant admitted them. It is believed that they would tend to provoke a breach of the peace or occasion a breach of the peace.
The substance of section 722 is “ that the acts charged must be such as are public in character and breach the public peace, or tend so to do.” (People v. Harvey, 307 N. Y. 588, 590.) “ The essence of the charge of disorderly conduct is that a breach of the peace may be occasioned by certain enumerated acts.” (People v. Hipple, 263 N. Y. 242, 244.) “ ‘ It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community. ’ ” (People v. Perry, 265 N. Y. 362, 364; People v. Huyck, 171 Misc. 467.)
“ An information ”, it has been long established, “ must set forth sufficient facts to show that the crime charged has been committed and it is not sufficient to allege mere conclusions.” '(People v. Grogan, 260 N. Y. 138; People v. Balnis, 14 Misc 2d 928, 929.)
In connection with this information, the defendant also alleges that the wording of the same applies to a violation of subdivision 4 of section 722, rather than to subdivisions 1 and 2. It has been held that a conviction in a case of disorderly conduct under section 722 will be affirmed if the evidence establishes a violation of any of the subdivisions of the section. (People v. Feiner, 300 N. Y. 391; People v. Hipple, 263 N. Y. 242, supra.)
The information meets the requirements established in the decisions construing this statute.
Sufficient facts are set forth in the information to show that the offense charged has been committed. Therefore, it is held that the information was sufficient and that the Police Justice had jurisdiction.
With regard to the allegations of the defendant that he was not advised of his right to counsel, of his right to an adjournment or a postponement of the proceedings for the purpose of obtaining counsel, and of being given a reasonable opportunity so to do, there is nothing other than the Justice’s return that shows what happened. This court is ordinarily bound by the return of a Court of Special Sessions.
In this section of the State, there are very few Courts of Special Sessions wherein stenographic records are taken upon arraignment of a defendant or at the time of sentencing upon a plea of guilty; and there were none taken in this case.
In the case under consideration here, the Police Justice’s return, referring to the defendant, states: “ Upon his arraign *41 ment and before any other proceedings were had, I informed him, after the charge had been read to him, of his rights under Sections 58,188 and 699 of the Code of Criminal Procedure, and also his rights in every stage of the proceedings.”
Subdivisions 1 and 2 of section 699 of the Code of Criminal Procedure states:
“1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
“ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon a request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.”
In People v. Banner (5 N Y 2d 109, 110) the court declared: “It is settled that a defendant upon his arraignment must be advised not only of his right to counsel, but also of his right to a postponement of the proceedings in order to enable him to obtain and consult with counsel; and, of course, he must be given a reasonable opportunity to ask for counsel and such adjournment before being required to plead to the charge against him (Code Crim. Pro., § 699; see People v. Marincic, 2 N Y 2d 181).”
In the Banner case (5 N Y 2d 109, supra) and in other cases, the Court of Appeals has made it clear that the mere reading of sections 188 and 699 of the Code of Criminal Procedure, or stating the substance of them, is not sufficient to render their provisions meaningful and effective.
In this case, the sections were either read to him or the substance of same stated to him according to the return. That alone would not be sufficient.
In this case, there was a further statement in the return which does render the provisions of the aforesaid sections meaningful and effective, it is believed.
The return further states: ‘ ‘ the undersigned asked the defendant if he wished counsel and the defendant said he did not. ’ ’
The defendant was an adult male person. When he told the court that he did not wish counsel, it necessarily followed that the Magistrate could not insist that the defendant send for counsel, which he had already stated that he did not desire. For the *42 same reason, there was no authority to adjourn the proceedings for that purpose. After such statement, the court did everything that it could do or was required to do under section 699, by accepting the defendant’s plea of guilty.
Under the circumstances of this case, it is believed that a different situation, with regard to the proceedings upon the arraignment of the defendant and at the time of his plea, existed than was the situation in the cases above cited.
It is determined that the defendant was advised of his right to counsel, of his right to adjournment or postponement of the proceedings for the purpose of obtaining counsel; and was given reasonable opportunity so to do, under the statute, and under the construction of same as set forth in the aforesaid cases.
The sentence is modified as follows: the defendant is sentenced to confinement in the Jefferson County Jail for a term of three months; execution of sentence is suspended, on condition that the defendant refrain from committing any acts or engaging in any conduct which violates the Penal Law of the State of New York, and is ordered to pay a fine in the amount of $50 or serve one day for each day that said fine remains unpaid, not to exceed 50 days.
As modified, the judgment of conviction is affirmed in all respects.
An order may be entered accordingly.