Domenick L. Gabrielli, J.
Defendant was convicted of disorderly conduct in violation of subdivision 1 of section 722 of the Penal Law, after a trial on August 26, 1959 before Acting City Judge Philip De Pumpo of the City Court of the City of Corning, sitting without a jury.
There was sufficient evidence for the court to find that the defendant engaged in the acts complained of in the information which substantially amounted to a dispute with a police officer of the City of Corning, and which had occurred at about 2:00 a.m. on August 17, 1959. The defendant, a student at Marshall College, West Virginia, lives in the City of Corning. He was riding outside of and on the front of an automobile driven by the owner of the vehicle and had proceeded on one of the public streets about a block and a half when a police car observed them. The police apprehended the defendant and requested him to furnish his identification. A verbal dispute arose and nowhere is it claimed that the defendant used abusive language. He was thereupon arrested for disorderly conduct and an “ iron claw ” was placed on his arm by the police officer and he was removed to the police station. These in substance are the facts upon which the information was based and a verdict of guilty was found against the defendant.
The evidence further disclosed that at no time during the foregoing were there any people present other than two police officers, the defendant and two of his companions.
The defendant claims that there was never any breach of the peace and that the peace and quiet of the community was not disturbed.
There are two elements necessary to sustain the charge here under consideration: (1) The acts must have been committed with intent to provoke a breach of the peace or whereby a breach of the peace might be occasioned; (2) the acts must have been *241 such as to annoy, disturb, interfere with, obstruct or be offensive to others.
To constitute the offense of disorderly conduct there must be more than the occurrence of the forbidden acts in a public place. In addition to the occurrence in a public place, it must appear that there is a disturbance of the public order, or a causing of consternation or alarm among a substantial segment of the community, or that such a disturbance of the public peace is imminent. (People v. Balnis, 14 Misc 2d 928.)
The cases of People v. Perry (265 N. Y. 362) and People v. Feliciano (10 Misc 2d 836) are both cases involving incidents where the alleged acts occurred in a public place, but the informations were dismissed because there was no actual breach of the peace nor did facts appear whereby a breach of the peace might have been occasioned.
It seems to this court that when we consider that the prime purpose of this section is to preserve public order and peace then it would appear that the offensive conduct to “ others ” must be public in nature and must cause alarm or disturbance to a substantial part of the public.
The result of this appeal and the conclusion of this court should not be construed as an approval of the acts of this defendant. Clearly, if the allegations are true, then the defendant may have violated certain other provisions of the Penal Law and/or the Vehicle and Traffic Law. The court hastens to further state that there can be no justification for the acts of this defendant, if true. However, no case justifies stretching a penal statute to fit the facts and no conviction can be justified unless the facts fit into the statutes under which a defendant is charged. No matter how much we may disapprove of and dislike certain conduct, we cannot predicate guilt on such a basis. (People v. Feliciano, supra.)
In this case there is no evidence that the defendant’s'conduct troubled ‘ ‘ the wonted calm of the whole community, or of any sizable segment thereof.” (People v. Chesnick 302 N. Y. 58, 61.)
It thus appears that this case does not meet the classic requirements of disorderly conduct as set forth in section 722 of the Penal Law.
The conviction is reversed on the law and the facts, the information is dismissed and the fine is remitted. Submit order.