Lyman H. Smith, J.
Defendant was convicted of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law, after a trial on January 4, 1966, before Police Justice Peed Guyee, of the Village of Penn Yan, County of Yates, New York, sitting without a jury.
It is apparent from the transcript of the testimony and proceedings taken upon the trial that there was ample evidence for the court to find that the defendant engaged in the acts set forth in the information filed herein. Specifically, at about 9:30 p.m. on the night of November 23, 1965, the defendant, age 17, while operating his 1959 Rambler automobile in a southerly direction on Liberty Street in the Village of Penn Yan, struck or “ tapped ” the rear of a Volkswagen owned and driven by Miss Susan Gute, a teacher in the Penn Yan School system. The incident followed a basketball game between rival teams of Haverling High School, Bath, New York and Penn Yan, New York. At the time of the occurrence Miss Gute was accompanied by the Misses Strauss and Schleiermacher, also school teachers. The defendant had as passengers in his automobile four male companions of comparable age. The contact between the automobiles occurred while Miss Gute’s automobile was slowing for a traffic signal, or was stopped for the same, at the corner of Liberty Street and Elm Street in said village. It is undisputed that no damage resulted; -that after contact was made Miss Gute got out of her car to determine the foregoing and that the defendant stated, “ If you have any complaints, you can send Miss Strauss back to my car ”. It is also undisputed that other traffic proceeding in the same direction was not disturbed by the incident. No crowd gathered. No one stopped to watch.
The defendant claims that there was no breach of the peace and that the peace and quiet of the community was not disturbed.
To constitute the offense charged here,1 ‘ The conduct charged must at least be such that a breach of the peace has become imminent or might reasonably be expected or intended to flow from such conduct.” (People v. Monnier, 280 N. Y. 77, 79.)
It is well-settled law that the prime purpose of this section of the Penal Law is to preserve public order and peace and that in order to substantiate a conviction under the statute the offensive conduct to “others” must be public in nature and must cause alarm or disturbance to a substantial segment of the public, or be of such character anj nature that it would appear *759 beyond a reasonable doubt that a breach of the public peace was imminent. (People v. Chesnick, 302 N. Y. 58; People v. Szepansky, 25 Misc 2d 239; People v. Balnis, 14 Misc 2d 928.)
Nothing herein contained should be construed as an approval of the acts of this defendant. If the allegations are true, the defendant may have violated certain other provisions of the Penal Law and/or the Vehicle and Traffic Law. If true, there can be no justification for the acts of the defendant. Nevertheless and matter not how much we may dislike and condemn certain conduct, the statute must not be warped to fit the facts and no conviction can be had unless the facts fit the statute upon which the defendant was charged.
Upon the present record there is no evidence from which a finding could be made that the acts of the appellant could be held to have been done “with intent to provoke a breach of the peace, or whereby a breach of the peace [might] be occasioned ” under circumstances constituting the offense of disorderly conduct. (See People v. Vest, 11 A D 2d 1080.)
The conviction is reversed on the law and the facts, the information is dismissed and the fine is remitted.