Harold H. Hymes, J.
The defendant is one of six persons charged with violating the following sections of the Penal Law: section 195.05 (obstructing governmental administration); section 240.10 (unlawful assembly), and subdivisions 1, 2, 3 and 6 *80 of section 240.20 (disorderly conduct). A motion has been made by the defendant to dismiss each of these informations on the grounds that each fails to allege facts constituting a crime, and is insufficient in form by failing to adequately inform the defendant of the charges against him and the acts constituting the crimes alleged.
The information charging the defendant with obstructing governmental administration (Penal Law, § 195.05) states that “ near - the premises of the Selective Service * * * Utica, New York, while inductees were in the process of boarding a bus for induction in the United States Service, the defendant did intentionally obstruct the administration of law by placing himself in the rear of the bus, thus preventing the departure of said bus from proceeding from said area, and thus preventing a public servant from performing an official function by physically obstructing and by placing himself in the rear of the vehicle. ’ ’
The defendant contends that this section of the Penal Law is not intended to apply to the administration of Federal law and that Federal agents and employees are not within the definition of “ public servant ”.
Subdivision 15 of section 10.00 of the Penal Law defines “ public servant” as “ (a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee..’ ’ This definition would seem to restrict the operation of section 195.05 to governmental administration of the State, of municipalities or of other government agencies within the State or local governments. Had the Legislature intended to expand such a broad term as ‘‘ governmental instrumentality ’ ’ to include the Federal Glovernment, it could have done so by specific provision. It would hardly seem likely that the Federal Grovernment was intended to be included in the general phraseology of “ governmental instrumentality within the state.”
Section 195.05 is a comprehensive catch-all provision intended to replace several sections of the former Penal Law providing punishment for specific misconduct which obstructed or hampered governmental administration. These included such governmental functions as prevention of cruelty to animals (§ 196); prevention of cruelty to children (§ 490); interference with the State Legislature (§§ 1320, 1322); interference with an executive officer (§§ 1824,1825), and resisting a public officer (§ 1851). *81 All of these sections were limited in scope to administration by State and local officers.
This section is in that part of the Penal Law entitled “ Title L — Offenses Against Public Administration”. An examination of the many sections under this title (§§ 195.00-215.75) reveals that they are all concerned with the administration of law only by State and local governments. We cannot extract from all the provisions under this title, this one section (§ 195.05) and say this one alone applies to the administration of law by the Federal Government and its agents and employees.
The procedure for induction' into the armed forces of the United States is governed by the Military Selective Service Act of 1967 (U. S. Code, tit. 50, § 451 et seq.). This is a Federal function, and interference with its administration is governed by subdivision (a) of section 12 of that act. (U. S. Code, tit. 50, § 462, subd. [a].) This section provides for trial and conviction in the District Court of the United States for anyone who shall ‘ ‘ knowingly hinder or interfere or attempt to do so in any way, by force or violence or otherwise, with the administration of this title or the rules and regulations made pursuant thereto ”.
While a State is not prohibited from passing legislation to aid and assist the Federal Government in enforcing a Federal statute (Gilbert v. Minnesota, 254 U. S. 325; Pennsylvania v. Nelson, 350 U. S. 497), the offense sought to be prosecuted by the State should be specifically defined in the statute. It should not be prosecuted under a general catch-all statute covering all governmental administration.
The defendant has also moved to dismiss the information charging violation of section 240.10 of the Penal Law on the ground that the information merely repeats the conclusions and words of that section. This section states that a person is guilty of 1 ‘ unlawful assembly ’ ’ when he ‘£ assembles with four or more other persons for the purpose of engaging or preparing to. engage with them in tumultuous and violent conduct likely to cause public alarm”.
The information relates that 1 ‘ the defendant did unlawfully assemble with about 40 or 50 persons for the purpose of preventing the departure of a bus with United States Armed Forces inductees in front of the premises of the Selective Service, First National Bank Building, Genesee Street, Utica, New York, and did engage with them in a tumultuous and violent conduct likely to cause public alarm”. The information sets forth no facts to describe £ £ the tumultuous and violent conduct ’ ’ but merely repeats the words of the statute.
*82 ‘ ‘ It is fundamental that an information must state the crime with which the defendant is charged and the particular facts constituting that crime (People v. McGuire, 5 N Y 2d 523, 525.) An information which merely states conclusions and not statements of facts is insufficient to apprise the defendant of the crime charged. (People v. Turner, 32 Misc 2d 594.) We hold that the information charging the crime of “ unlawful assembly ” in this case is insufficient in law and is therefore defective.
The defendant has also moved against the information charging him with disorderly conduct (§ 240.20, suhds. 1, 2, 3 and 6). ' He is charged with “ making unreasonable noise ” and “ wildly waving and shaking his hands ” and calling the complainant ‘ ‘ pig ’ and also refusing to comply with the lawful order of the police to leave the area. There are sufficient allegations in the complaint of disorderly conduct on which it can be sustained against this motion to dismiss made before trial.
Accordingly, the motion to dismiss the informations charging a violation of section 195.05 (obstructing governmental administration), and section 240.10 (unlawful assembly) are dismissed as insufficient in law. The motion to dismiss the information charging a violation of subdivisions 1, 2, 3 and 6 of section 240.20 (disorderly conduct), is denied.