OPINION OF THE COURT
Benjamin E. Lander, J.
The defendant herein is a chiropractor allegedly in charge of the operation of a radiation installation at his office at 385 Knickerbocker Avenue in the Borough of Brooklyn, City and State of New York. On October 19, 1977, as a result of an inspection of such facilities, an instrument entitled "summons” was served upon him wherein certain violations of the New York City Health Code were cited.
At this point in the proceedings he makes application, through his attorney, to dismiss the proceedings, contending (1) that the sections cited as being allegedly violated were incorrect and even nonexistent; (2) that the alleged "sum *951 mons” was issued for the wrong address; and (3) that the radiation equipment involved is not owned by this defendant so as to preclude any responsibility for its improper use and operation.
In response, the Corporation Counsel contends that irrespective of its designation, the process served was, in fact, an appearance ticket (CPL 150.10) both curable and amendable by the filing of a proper information fully apprising "the defendant * * * of the nature of the charge against him [so as to] enable him to prepare for trial,” citing People v Zambounis (251 NY 94, 96).
An analysis of the pertinent sections of the Criminal Procedure Law relative to the summons (art 130) reveals that "A summons is a process issued by a local criminal court directing a defendant * * * to appear before it at a designated future time [whose] sole function * * * is to achieve a defendant’s court appearance * * * for the purpose of arraignment upon the accusatory instrument” (CPL 130.10, subd 1). Since process in this case was neither issued by a court nor predicated upon a complaint or an information, it obviously does not comply with this definition.
On the other hand, "An appearance ticket is a written notice issued and subscribed by a * * * public servant * * * directing a designated person to appear in a * * * local criminal court at a * * * future time in connection with his alleged commission of a designated offense” (CPL 150.10) and, as such, adequately describes the instrument in issue in this case. Moreover, this section goes on to say "A notice conforming to such definition constitutes an appearance ticket regardless of whether it is referred to * * * by any other name or title.”
Therefore, having established the nature of the process as an appearance ticket and no contention being raised as to the authority for its issuance (CPL 150.20, subd 3), since it is not contemplated that such appearance ticket constitute an accusatory instrument for purposes of trial or plea, any errors inherent in such instrument do not offend "the notice requirement of due process” so long as (prior to trial) the "violator would be apprised of the nature and specifics of the charge” or charges (Reynolds v Department of Motor Vehicles, 52 AD2d 1048, 1049).
Furthermore, since section 175.09 of the New York City Health Code places the responsibility for radiation safety on *952 the operator or the one permitting or authorizing such operation, defendant’s contention that he did not, in fact, own the equipment is without merit.
Parenthetically, Charge No. 3, alleged to be a violation of section 175.06(c)(6) of the New York City Health Code, is obviously a violation of section 175.06(c) of the New York City Health Code; the additional (6) being a typographical error.
However, since an information has, in fact, been filed and while it may be true that such need not be framed with the same exactness as an indictment (People v Zeigler, 144 Misc 803; People v Knapp, 152 Misc 368, aifd 242 App Div 211; People v Ledwell, 14 NYS2d 371; People v Stepski, 174 Misc 1080; People v Resciniti, 191 Misc 719) nevertheless, it "must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15, subd 3) and, in this court’s opinion, the information herein does not contain such sufficient factual basis on any of the charges filed so as to notify the defendant of the crimes charged against him.
Therefore, as a consequence, the information herein in its entirety is hereby dismissed. (People v Garfield, 63 Misc 2d 79; People v Feinstein, 36 Misc 2d 261; People v Turner, 32 Misc 2d 594; People v Kasloff, 54 NYS2d 455; People v Doyle, 21 Misc 2d 38; People v Balnis, 14 Misc 2d 928.)